ALBANY,
Jan. 1813.

SAWYER
v.
LYON.

———⋙⊛⋘———

### SAWYER *against* LYON.

Where two persons purchase separate parcels of a lot of land previously mortgaged, and one of them, afterwards, pays more than his share of the mortgage money, in proportion to the part of the lot owned by him, he may call on the other for contribution of his *aliquot* share, or such part of it as has been so paid; but not for any part advanced by him less than his proportion, though the other has paid nothing.

THIS was an action of *assumpsit*. The declaration contained the common money counts. The defendant gave a *cognovit actionem*, subject to the opinion of the court, on the following case:

A lot of land, containing 160 acres, was mortgaged by *Pease*, the owner, to the people of the state, on the 3d of *October*, 1797, for securing the payment of 561 dollars and 81 cents. Subsequent to the mortgage the plaintiff purchased of *Pease* 60 acres, part of the lot; and the defendant also purchased of *Pease* 53 acres, part of the same lot. The defendant, at the time of the purchase, gave *Pease* a bond to indemnify him against the payment of a portion of the mortgage money, equal to the part of the lot purchased by the defendant.

The plaintiff, at different times, paid 168 dollars and 20 cents on the mortgage, and the defendant paid 23 dollars, which payments were applied to the whole lot mortgaged. The payments by the plaintiff were voluntary, and without any request on the part of the defendant, or promise by him to refund his proportion.

The present suit was brought to recover of the defendant his proportional part of the amount so paid by the plaintiff. It was agreed, that if the court should be of opinion that the plaintiff was not entitled to recover, a judgment of nonsuit should be en-

iered; otherwise, a judgment was to be entered for the plaintiff, on the *cognovit*.

*Per Curiam.* It does not appear from the case, that the plaintiff has even paid his proportional share of the debt, charged upon the lot; and, therefore, he has not shown a right to recover from the defendant any proportional part of the money he has paid. Had the plaintiff paid more than his just proportion, he would then, no doubt, have been entitled to have called upon the defendant for contribution of his *aliquot* share, or such part of it as had been paid; and this, upon a clear principle of equity, which is fully illustrated in the books, and was well known, and quite familiar, as Lord *Coke* admits, to the judges and sages of the common law. (*Sir William Herbert's Case*, 3 *Co*. 11. b. *Fitz. N. B.* tit. *Writ of Contribution*. *Bro. Ab.* tit. *Suite and Contribution*, pl. 18. and tit. *Contribution*, A. pl. 1. *Deering* v. *Earl of Winchelsea*, 2 *Bos. & Pull.* 270.) Upon this case, as it stands, the defendant is entitled to judgment; but, according to the stipulation in the case, judgment of nonsuit is to be entered.

Judgment of nonsuit.